[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PETITION FOR WRIT OF HABEAS CORPUS
This is a petition for writ of habeas corpus filed by the petitioner, Frank Tyson. The petitioner's Amended Petition is in two counts. Count one asserts that the respondent has incorrectly calculated the release date on his two concurrent sentences of imprisonment. Count two asserts that petitioner's plea bargain required the sentence imposed under docket number CR91-034069 to be the controlling sentence for purposes of calculating his release date and that the respondent has breached the agreement.
On July 12, 2000, this court granted the respondents motion to dismiss count one of the Amended Petition. Thereafter, on February 15, 2001, this court granted the petitioner's request to reconsider and reargue the motion to dismiss based upon the Supreme Court's opinion in Rivera v.Commissioner of Correction, 254 Conn. 214 (2000) released on August 15, 2000. A trial was conducted on both counts before this court on February 23, 2001.
For the reasons set forth below, the court's ruling granting the respondent's motion to dismiss count one of the Amended Petition is vacated. As to count one, the court finds that the petitioner has proven that the respondent incorrectly calculated his term of imprisonment and is entitled to have his sentence recalculated. As to count two, the court finds that the petitioner has failed to prove that his plea bargain included an agreement that one of his two concurrent sentences be controlling for purposes of calculating his release date. Accordingly, as to count two, the court finds in favor of the respondent.
 I FACTS
On June 18, 1993, under docket number CR91-343069 the petitioner was sentenced by the court (Thompson, J.) to a total effective sentence of fifteen (15) years suspended after eight (8) years and three (3) years probation. After serving 2, 108 days, the petitioner began serving his probationary period.[1]
On March 18, 1998, while on probation, the petitioner was arrested and charged under docket number CR98-465768 with, inter alia, carrying a pistol without a permit in violation of General Statutes § 29-35(a). CT Page 5214 While this case was pending in G.A. 6 in New Haven, the state charged petitioner with violation of his probation under docket number CR91-343069.
On June 10, 1998, the petitioner admitted to violating his probation in docket number CR91-343069.
On July 24, 1998, the petitioner entered a plea of guilty on the charge of carrying a pistol without a permit under docket number CR98-465768. Thereafter, also on July 24, 1998, the petitioner was sentenced by the court (Damiani, J.) to four (4) years for violation of probation and a concurrent sentence of three (3) years and ten (10) months on the charge of carrying a pistol without a permit. The total effective sentence imposed was four (4) years. At the time of the change of plea and sentencing, the court summarized the plea agreement. Neither the court nor counsel mentioned anything about one sentencing being controlling for sentence calculation purposes.
At the time of petitioner's plea and sentencing before Judge Damiani, the petitioner was represented by Assistant Public Defender Frank Mandanici. In discussions with the state, Attorney Mandanici had obtained a plea offer of 4 1/2 years to include both the violation of probation case and the case pending in G.A. 6. Attorney Mandanici did not make any inquiries with the Department of Corrections as to petitioner's estimated release dates on the proposed sentence. The plea discussions between Attorney Mandanici and the state did not concern which of the two pending cases would be controlling for purposes of sentence calculation.
Upon petitioner's commitment to the custody of the respondent, the respondent calculated the terms of his two concurrent sentences to determine which sentence would be controlling. As to the three year ten month sentence imposed in docket number CR98-465768, the respondent calculated that the sentence was 1399 days yielding a release date of May 23, 2002. This sentence was then reduced by 128 days jail credit to account for the time petitioner was held in lieu of bond from his arrest on March 18, 1998 until the entry of judgment on July 24, 1998. This adjustment yielded a recalculated release date of January 15, 2002. The respondent was aware that because this three year ten month sentence was imposed for an offense committed after October 1, 1994, it was not eligible for further reduction through the earning of statutory good time.
As to the four year sentence imposed for violation of probation in docket number CR91-343069, the respondent added the new four year sentence to the original eight year sentence for a total sentence of twelve years. After making adjustments for petitioner's credits and CT Page 5215 debits earned on the original sentence, respondent calculated the sentence to be 1460 days yielding a release date of July 23, 2002. This sentence was reduced for 92 days of jail credit and 30 days of jail credit good time earned by petitioner when he was held in lieu of bond from April 23, 1998 to July 24, 1998. Petitioner's recalculated release date was determined to be March 20, 2002. The respondent was aware that this sentence, having been originally imposed prior to October 1, 1994, was eligible for statutory good time pursuant to General Statutes §18-7a(c).
On or about August 7, 1998, the respondent determined that the three year ten month sentence in docket number CR98-465768 was petitioner's controlling sentence. The respondent made this determination by estimating petitioner's release date for the violation of probation sentence taking into account an estimate of the statutory good time he was eligible to earn on that sentence. Once the estimated good time was factored in, the release date for this sentence was earlier than the January 15, 2002 date calculated for the three year ten month sentence. Accordingly, the three year ten month sentence was determined to be the longest to run and therefore controlling. The respondent currently calculates the petitioner's release date as January 15, 2002.
The three key facts of legal significance are: (1) that the petitioner's plea agreement did not address which of his two concurrent sentences would be controlling for purposes of calculating his release date; (2) that the violation of probation sentence (before considering any estimated good time) had a release date of March 20, 2002; and (3) that the three year ten month sentence had a release date of January 15, 2002.
 II DISCUSSION
Count One
Pursuant to General Statutes § 18-7 when any prisoner is held under more than one conviction, "the several terms of imprisonment imposed thereunder shall be construed as one continuous term for the purpose of estimating the amount of commutation which he may earn. . ."
Section 53a-38 (b)(1) provides:
 "Where a person is under more than one definite sentence the sentences shall be calculated as follows (1) if the sentences run concurrently, the CT Page 5216 terms merge in and are satisfied by the discharge of the term which has the longest term to run."
Thus, the role of the respondent in construing multiple terms of concurrent imprisonment as one continuous term is to merge the concurrent sentences and determine the prisoner's discharge by the term of the sentence which has the longest term to run. This task is complicated in the present case because the violation of probation sentence is eligible for statutory good time reductions pursuant to General Statutes § 18-7
(a)(c),[2] while the three year ten month sentence arising from petitioner's 1998 arrest is not. See § 18-100d; Velez v. Commissionerof Correction, 250 Conn. 536, 552 (1999) (good time statutes inapplicable to persons sentenced to a term of imprisonment for crimes committed on or after October 1, 1994). Notwithstanding this complication, our Supreme Court has made clear that the one continuous term requirement of § 18-7
applies to sentences falling under § 18-7a(c). Rivera v. Commissionerof Correction, 254 Conn. 214, 238 (2000). An additional complicating factor is that § 18-7a(c) eliminated the prior practice of estimating and crediting a prisoner's good time at the outset of the prisoner's sentence. This so called "posting" system was abolished by the legislature through the enactment of § 18-7a(c). Seno v. Commissionerof Correction, 219 Conn. 275, 278 (1991). The posting system was eliminated in order to achieve two legislative objectives. First, to reinstate the original concept of good time as reward for good behavior as opposed to punishment for bad behavior. Second, to eliminate the irrational effect of the posting system that awarded good time for time a prisoner never, in fact, served. Seno v. Commissioner of Correction, supra, 219 Conn. 277-78.
In attempting to reconcile petitioner's two concurrent sentences arising out of two different statutory sentencing schemes, the respondent "estimated" the probable statutory good time that the petitioner would earn on the violation of probation sentence. The respondent then reduced the sentence by the estimated statutory good time to arrive at an estimated release dated. Respondent was mindful, however, that this estimated good time might not be earned and therefore the estimated release date could be extended to a later date. The release date for the three year ten month sentence, since this sentence is not eligible for good time, remained fixed. The respondent then compared the estimated release date with the fixed release date and determined that the three year ten month sentence had the longest term to run. This method, in effect, involves a type of two-track approach where the release date cannot be earlier than the date for the non good time sentence but may be later if the prisoner fails to earn the estimated good time.
While this approach is understandable given the difficulties involved, CT Page 5217 it conflicts with two basic principles of sentencing discussed above. As made clear in Rivera, multiple sentences are to be construed as one continuous term of imprisonment. Additionally, as made clear in Seno, the posting approach has been abolished to, in part, reenforce the idea of good time as a reward. A two track approach where a prisoner's release date cannot be less than the date calculated for one concurrent sentence but may be longer if good time is not earned for another concurrent sentence, is not one continuous term of imprisonment. Moreover, estimating good time and then using such an estimate to calculate a release date to see which of two concurrent sentences has the longest term to run is, in effect, posting. The court therefore finds that the respondent has not calculated petitioner's release date in accordance with the requirements of law.
The more straightforward approach in the petitioner's situation is to merge the concurrent sentences without reference to estimated good time. The result would be that the violation of probation sentence is controlling because its release date of March 20, 2002 is longer than the January 15, 2002 release date for the three year ten month sentence. If petitioner is thereafter "rewarded" for good behavior by earning good time, then he is entitled to it. If such good time advances his release date to a point earlier than January 15, 2002, then such a result is the product of the concurrent sentencing approach that a trial court need not utilize. See Rivera v. Commissioner of Correction, supra, 254 Conn. 249
(Court may easily avoid any "untenable" results by imposing consecutive terms of imprisonment rather than concurrent terms).
To summarize, the court finds that the respondent has not properly calculated the respondent's release date. The respondent is directed to recalculate the petitioner's release date using the four year sentence imposed in docket number CR91-343069 as the controlling sentence.
Count Two
The petitioner has failed to meet his burden of proof that the state has breached the plea bargain. The court finds that petitioner's plea agreement did not address the issue of which of his two concurrent sentences would be controlling for purposes of calculating his release date. The state did not breach the plea agreement.
 CONCLUSION
For the reasons set forth above, the court finds in favor of the petitioner as to count one and in favor of the respondent as to count two. Judgment shall enter accordingly. CT Page 5218
So Ordered at New Haven, Connecticut this 11th day of April, 2001.
Devlin, J.